[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION de DEFENDANT'S APPEAL (#177)
The parties' marriage was dissolved by decree entered on November 4, 1987 at which time pursuant to the parties' stipulation the defendant was ordered to pay $100 weekly for each of three (3) children and to pay to plaintiff $50 weekly periodic alimony for five (5) years. It is this child support order the defendant has sought to modify by motion filed August 26, 1992 (#165). No financial affidavit was filed with the citation as required by Practice Book 463. Both parties filed financial affidavits (#167) and (#168) dated October 21, 1991 and filed that day. Settlement negotiations broke down and a contested hearing began on February 4, 1992 and concluded on February 25, 1992 before Family Support Magistrate Harris T. Lifshitz who issued his decision on April 20, 1992 denying the defendant's motion. From this denial the present appeal ensued.
The defendant bore the burden of demonstrating a substantial change in circumstances. The defendant's October, 1991 financial affidavit listed "gross weekly wage from principal employment — $415.38". His February 4, 1992 affidavit reduced it to $377.00. In examining the defendant's expert, an accountant named Gayowski, the defendant's attorney stated such figure was rental income from the defendant's corporation paid to defendant, (transcript February 4, 1992, p. 61). The affidavit misled the magistrate, (id., p. 62). Prior to that revelation the plaintiff's expert, Thomas F. Lynch, C.P.A., testified that he was not provided sufficient information to draw conclusions as to the state of the defendant's business for 1991, (id., p. 30). From what was CT Page 10934 available, the witness estimated financial benefits received by the defendant in 1991 to be $48,271 (id., p. 34).
When the hearing resumed on February 25, 1992, the defendant filed yet a third affidavit restating the other income as rent of $374.61 and the weekly wage is left blank.
The defendant's attorney also requested the court to judicially notice a pending paternity action against the defendant. He was not yet adjudged the father nor is he supporting that child.
The magistrate, as the trier. of fact, is the judge of the credibility of each witness. After reviewing the record of this matter, the court agrees with the Magistrate's conclusions that,
 "The defendant has failed to sustain his burden of proof. The financial picture presented by the defendant is implausible and not credible. His obfuscations can not be taken as establishing his income or financial station either as to the present, or at the time the dissolution entered. He has not established a change in circumstances primarily because he has refused to establish what his financial circumstances are. It is not up to the plaintiff to ferret out the details of the company's finances, nor is it up to the court to speculate."
The defendant sought the intercession of the court. He failed to make full and frank disclosure in his affidavits or in his evidence which the trier found to be not credible. Billington v. Billington, 220 Conn. 212, 218-219 now requires more than what the defendant presented to support his motion. The defendant's appeal is dismissed.
HARRIGAN, J. CT Page 10935